IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

APPERSON UTILITY CONTRACTING,   )
INC.,   )
   )
       Plaintiff,   )
   )
     v.   )   Case No. 02:06-cv-04257-NKL
   )
UNITED STATES OF AMERICA,   )
   )
       Defendant.   )

**ORDER**

Plaintiff Apperson Utility Contracting, Inc. ("Apperson"), seeks judicial review of an Internal Revenue Service ("IRS") collection due process determination. Defendant United States of America ("Government") argues that the Court lacks subject matter jurisdiction because Apperson filed its Complaint ten days late. Pending before the Court is the Government's Motion to Dismiss [Doc. # 4]. For the reasons stated herein, the motion is granted.

**I.    Overview**

On July 19, 2005, the IRS sent Apperson a Notice of Intent to Levy. According to the IRS, Apperson owes over $400,000 of unpaid employment taxes for the 2002 through 2004 tax years. In response to the July 19 letter, Apperson filed with the IRS a request for an administrative collection due process hearing pursuant to 26 U.S.C. § 6330.[1] On

---

[1]All references to 26 U.S.C. § 6330 refer to the version of the statute in effect as of April 7, 2006.

1

April 7, 2006, the IRS issued a Notice of Determination which informed Apperson that the Notice of Intent to Levy was appropriate.

On May 12, 2006, Apperson, pursuant to 26 U.S.C. § 6330(d), filed a petition in the United States Tax Court ("Tax Court") seeking review of the IRS's Notice of Determination. On September 29, 2006, the Tax Court dismissed Apperson's petition for lack of jurisdiction because the petition should have been filed in a United States district court.

Forty days later, on November 8, 2006, Apperson filed in this Court its Complaint seeking review of the IRS's Notice of Determination.

## II.    Discussion

At issue is whether the Court has subject matter jurisdiction over Apperson's Complaint. The parties agree that 26 U.S.C. § 6330(d)(1)(B) controls. It reads as follows:

> **(d) Proceeding after hearing.--**
>
> **(1) Judicial review of determination.–**The person may, within 30 days of a determination under this section, appeal such determination–
>
> **(A)** to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>
> **(B)** if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

The parties disagree, however, on what constitutes a "determination" under 26 U.S.C. § 6330(d)(1). The Government argues that the date of "determination" is the date

2

when the Tax Court dismisses a petition for lack of jurisdiction.[2]  Thus, according to the

Government, the Tax Court's determination was made on September 29, 2006, and

Apperson had 30 days after that date, or until October 16, 2006, to file its petition in the

correct court.

For its part, Apperson argues that the date of "determination" is the date when its

90-day time limit[3] for filing an appeal with the Tax Court ended.[4]  In other words,

Apperson argues that the date of "determination" in Section 6330 is the same as the date a

decision of the Tax Court becomes final pursuant to Section 7481(a)(1).  Applying

Apperson's interpretation of the statute to the facts of this case, Apperson's time for filing

an appeal with the Tax Court ended on December 28, 2006, thus, its petition was due in

this Court by January 29, 2007.

Apperson has not identified, and the Court is unaware of, a case where a court has

adopted Apperson's interpretation of Section 6330.  On the other hand, several courts

have adopted the Government's interpretation of Section 6330.  *See Investment Research*

*Associates, Inc. v. Commissioner of Internal Revenue*, 126 T.C. 183, 187 (2006) (holding

---

[2]According to 26 U.S.C. § 7459(c), "if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry."

[3]According to 26 U.S.C. § 7483, "[r]eview of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."

[4]26 U.S.C. § 7481(a)(1) states in part: "the decision of the Tax Court shall become final . . . upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time . . .."

3

that Section 6330(d)(1) provides taxpayers with 30 days from the "issuance of a notice of determination to file a petition for review with the Tax Court or Federal District Court, as may be appropriate."); *Ulloa v. United States*, 2005 WL 2739105 *2 (N.D.N.Y. 2005) (unpublished opinion) ("[T]he statute . . . specif[ies] that the 30 day period begins to run from the date the Determination is issued."); *Sarrell v. Commissioner of Internal Revenue*, 117 T.C. 122, 125 (2001) (finding petition untimely because it was filed seven days after the 30 day deadline expired); *McCune v. Commissioner of Internal Revenue*, 115 T.C. 114, 117-118 (2000).

The Court finds that Apperson's 30 day time limit for filing its Complaint began to run when the Tax Court dismissed its petition for lack of jurisdiction on September 29, 2006. Apperson filed its Complaint in this Court on November 8, 2006, which was ten days after the 30 days expired.[5] Therefore, pursuant to 26 U.S.C. § 6330(d)(1)(B), the Court lacks subject matter jurisdiction over Apperson's Complaint.

## III.    Conclusion

Accordingly, it is hereby

ORDERED that the Government's Motion to Dismiss [Doc. # 4] is GRANTED.

---

[5]Concerned that its November 8 filing was premature, Apperson re-filed its Complaint on January 23, 2007. Apperson's January 23 filing was also untimely.

4

  s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  March 6, 2007
Jefferson City, Missouri